**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **SOUTHWEST PIPELINE & TRENCHLESS CORP.** | * * | **CIVIL ACTION NO.** |
| | * | **NUMBER** |
| **VERSUS** | * | |
| | * | **SECTION** |
| **TROY CONSTRUCTION, L.L.C., HUFF & MITCHELL, INC., and LIBERTY MUTUAL SURETY** | * * * * | |

*** * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Southwest Pipeline & Trenchless Corp. (ñSWPLò), a California corporation with its principal place of business in California, which is authorized to do and is doing business in the State of Texas, and which respectfully avers as follows:

**PARTIES**

1.

Plaintiff, SWPL, is a California corporation authorized to do and is doing business in the State of Texas, within the jurisdiction of this Honorable Court.

2.

Defendant, Troy Construction, L.L.C. (ñTroy Constructionò), is a Texas limited liability partnership with its principal place of business in Houston, Texas, and is authorized to do and is doing business within the jurisdiction of this Honorable Court.

3.

Defendant, Huff & Mitchell, Inc. (ñHuff & Mitchellò), is a Texas corporation with its principal place of business in Cypress, Texas, and is authorized to do and is doing business within the jurisdiction of this Honorable Court.

4.

Defendant, Liberty Mutual Surety, is a Massachusetts insurance company authorized to do and doing business within the State of Texas, and within the jurisdiction of this Honorable Court.

**SUBJECT MATTER AND PERSONAL JURISDICTION**

5.

This Court has jurisdiction over the subject matter and the defendants in this case pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between plaintiff and defendants, and the amount in controversy exceeds $75,000.00.

**VENUE**

6.

Venue in this case is proper pursuant to 28 U.S.C. § 1391, because the suit pertains to conduct, acts and omissions upon which this Complaint is based and which occurred within the jurisdiction of this Honorable Court, and the fact that the Subcontract Agreement entered into between plaintiff, SWPL, and defendant, Troy Construction, provides for exclusive jurisdiction to be vested in any court of competent jurisdiction located within the State of Texas.

**FACTS**

7.

On or about October 8, 2008, defendant, Troy Construction, entered into a Subcontract Agreement with SWPL for SWPL to provide 821 LF (linear feet) of Ribloc pipe with grout for the City of Laredo, River Road Drainage Project, Troy Job No. 100-299 (the ñProjectò).

8.

At all times pertinent hereto, SWPL duly performed its work pursuant to the Subcontract Agreement made the subject of this lawsuit.

9.

The Subcontract Agreement entered into between SWPL and Troy Construction called for the procurement and installation of approximately 821 LF of Ribloc pipe with grout at $695.00/LF in accordance with the quote provided to the parties. The Subcontract Agreement had an original value of Five Hundred Eighty-Seven Thousand Five Hundred Ninety-Five Dollars and Sixty-Three Cents ($587,595.63).

10.

Upon information and belief, and subsequent to executing the Subcontract Agreement, Troy Construction became a part of, or was merged into, or its interests were acquired in whole or in part, by defendant Huff & Mitchell. However, SWPL does not have a written agreement or subcontract of any kind with Huff & Mitchell.

11.

SWPL has an unpaid claim in the amount of Four Hundred Sixty-Five Thousand Four Hundred Ninety-Six Dollars and Twenty-Eight Cents ($465,496.28) for the labor duly performed

and materials supplied to Troy Construction and/or Huff & Mitchell beginning November 10, 2008 and ending in February, 2009.

12.

The only payment made by Troy Construction and/or Huff & Mitchell to SWPL in this matter is for One Hundred Twenty-Two Thousand Ninety-Nine Dollars and Thirty-Five Cents ($122,099.35), made on or about December 18, 2008. Since that date, no payments whatsoever have been made to SWPL, leaving a balance due and owing pursuant to the Subcontract Agreement to plaintiff, SWPL, of Four Hundred Sixty-Five Thousand Four Hundred Ninety-Six Dollars and Twenty-Eight Cents ($465,496.28).

13.

Additionally, the Subcontract Agreement further provided for retainage in the amount of five percent (5%) of the gross amount of the monthly payment requests accumulated during the term of the Subcontract Agreement. The retainage presently being held and due SWPL for the work it performed and the materials it supplied totals Six Thousand Four Hundred Twenty-Six Dollars and Twenty-Eight Cents ($6,426.28), and SWPL makes claim herein as well for this amount.

14.

On or about November 10, 2008, SWPL attempted to begin work on the Project, but was prevented from doing same due to the amount of concrete debris that was present at the host pipe outlet site, which condition was caused by the general contractor in failing to adequately prepare the job site for SWPL to commence work on the project.

15.

By the middle of December, 2008, specifically, December 18, 2008, Troy Construction and/or Huff & Mitchell had cleared the concrete debris from this host pipe outlet site so that SWPL could begin its work.

16.

Subsequent to commencing work on the Project in November 2008, it became readily apparent to SWPL that ñchanged site conditionsò existed on the job site, which changed site conditions were outside the terms and scope of the Subcontract Agreement and for which plaintiff, SWPL, was in no manner legally responsible for having caused.

17.

Specifically, the changed site conditions consisted of numerous and large voids in the pipeline which plaintiff was attempting to line and grout. In order to completely fill all of the voids in and surrounding the pipeline (assuming this could have been accomplished, which is not clear, given the number and size of the voids), SWPL would have been required to pump grout far in excess of the amount called for in the Subcontract Agreement.

18.

Accordingly, the changed site conditions prompted the parties to agree to convert the measurement of grout from linear feet to cubic yards when the maximum of grout stated in the Subcontract Agreement was reached. Thus, utilizing a conversion factor of 1.49 of linear feet to cubic yards, the 821 LF maximum became 1231 cubic yards (c.yd), or 1231/826, which allows for a 10 % overage, after which the new price was changed from $165.00/LF to $185.00/c.yd.

19.

When SWPL was terminated by defendants from the Project in February, 2009, SWPL had pumped 821 LF of grout into the pipeline, leaving 346 LF to pump pursuant to the Subcontract Agreement. As a direct result of the numerous and large voids which SWPL encountered, although SWPL had pumped seventy percent (70%) of the amount of grout as called for in the Subcontract Agreement, that amount was not nearly sufficient to complete the Project. Nonetheless, SWPL has informed defendants Troy Construction and/or Huff & Mitchell that it stands ready to pump the remaining 346 LF of grout, but defendants have rejected SWPLös offers.

20.

SWPL repeatedly informed defendants Troy Construction and/or Huff & Mitchell of the changed site conditions it had encountered, and in fact representatives of SWPL, the defendants, the manufacturer, design engineers, and inspectors from the City of Laredo were present on the job site on several occasions when these conditions were inspected and discussed.

21.

Upon information and belief, when defendants Troy Construction and/or Huff & Mitchell realized that the numerous and large voids in the pipeline did in fact constitute ñchanged site conditionsò over which SWPL had no control and for which SWPL could not be held liable, defendants, without legal cause and in direct breach of the Subcontract Agreement, terminated SWPL from the Project rather than request that the City of Laredo issue change orders to remedy the changed site conditions.

22.

The alleged basis for SWPLôs termination from the Project was that it allegedly failed to complete the Project on schedule.

23.

In support of their attempt to justify their failure to pay SWPL for the work it had performed and for wrongfully terminating SWPL from the Project, defendants Troy Construction and/or Huff & Mitchell informed SWPL in March, 2009, one month after terminating it from the Project, that SWPL should have installed bulkheads at appropriate intervals in the drainage project.

24.

Neither the manufacturerôs specifications, nor the specifications for the Project required the installation of bulkheads at the intervals defendants had suggested for the first time in March, 2009.

25.

Additionally, SWPL confirmed with the productôs manufacturer that the work performed by SWPL on the Project was performed in compliance with its specifications and recommendations pertaining to the Project, which information has been furnished to defendants, Troy Construction and/or Huff & Mitchell.

26.

Moreover, defendantsô suggestion that SWPL should have constructed bulkheads at various intervals in the pipeline, in addition to being physically and mechanically impossible given the applicable pipeline and work area dimensions, would violate every safety rule and regulation in existence, on the local, state and federal level.

27.

Plaintiff, SWPL, has been in full and complete compliance with the Subcontract Agreement it entered into with Troy Construction, yet SWPL was removed from the job site by defendants without any legal or justifiable cause whatsoever, and SWPL has not been paid for the work it performed and the materials it supplied. Accordingly, defendants have breached the Subcontract Agreement and are legally responsible to SWPL for all sums due pursuant to the Subcontract Agreement, along with attorneysô fees, costs and legal interest.

28.

Plaintiff, SWPL, has made amicable demand to no avail upon defendants, Troy Construction and/or Huff & Mitchell, through their counsel, for payment in full of the aforesaid amounts.

29.

Accordingly, pursuant to and in compliance with Section 2253.041 of the Texas Government Code, on or about March 19, 2009, SWPL sent via registered mail to the principals of Troy Construction, Huff & Mitchell, their attorneys, and Liberty Mutual Surety, the issuer of the surety bond in this matter, a Notice of Unpaid Claim and for Payment of Retainage, for the remainder of the contract price of Four Hundred Sixty-Five Thousand Four Hundred Ninety-Six Dollars and Twenty-Eight Cents ($465,496.28), itemized as follows:

Six Thousand Four Hundred Twenty-Six Dollars and Twenty-Eight Cents ($6,426.28) in retainage; and

Four Hundred Fifty-Nine Thousand Seventy Dollars ($459,070.00) on the remaining contract price.

30.

Additionally, pursuant to and in compliance with Section 2253.041 of the Texas Government Code, on or about March 19, 2009, SWPL sent via registered mail a Sworn Statement of Account for the same amounts to the principals of Troy Construction, Huff & Mitchell, their attorneys, and Liberty Mutual Surety.

31.

To date, despite amicable demand, the filing of a Notice of Unpaid Claim and for Payment of Retainage, and a Sworn Statement of Account, no payment whatsoever has been made by defendants to plaintiff, SWPL.

32.

As previously stated, Liberty Mutual Surety provided the bond for the Project at issue herein.

33.

As a direct result of the failure to pay the monies lawfully owed SWPL for the work it performed pursuant to the Subcontract Agreement, plaintiff SWPL has been forced to retain the undersigned law firm to represent it in this action, and SWPL is entitled to recover its reasonable attorneysô fees, and plaintiff SWPL makes demand for same herein.

**DEMAND FOR BENCH TRIAL**

Southwest Pipeline & Trenchless Corp., requests a bench trial on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff, Southwest Pipeline & Trenchless Corp., prays that due process in form of law and according to the Federal Rules of Civil Procedure, issue against defendants, Troy Construction, L.L.C., Huff & Mitchell, Inc. and Liberty Mutual Surety, and that after all due proceedings are had, that there be judgment herein in favor of plaintiff, Southwest Pipeline & Trenchless Corp., and against defendants, Troy Construction, L.L.C., Huff & Mitchell, Inc. and Liberty Mutual Surety, jointly, severally and *in solido* for the full amount of plaintiffôs damages, together with interest and cost thereon, plus reasonable attorneysô fees and interest.

Respectfully submitted,

**KINGSMILL RIESS, L.L.C.**

By: */s/ Charles B. Colvin*

Michael R. C. Riess (La. #2073)
Charles B. Colvin (Tex Bar No. 04630950)
Lisa A. Montgomery (La. #14236)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
E-mail: mriess@kingsmillriess.com
***Attorneys for plaintiff,***
***Southwest Pipeline & Trenchless Corp.***